Ronald Appel, Esq.  SBN 132023
APPEL & APPEL
2522 Chambers Road
Tustin, CA 92780
Tel:  (714) 573-4090
Fax:  (714) 242-1728

Attorneys for Plaintiff Farmers & Merchants Bank of Long Beach

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In Re:<br><br>BRADLEY MUGAR and SANDRA MUGAR<br><br>                    Debtors<br><br>FARMERS & MERCHANTS BANK OF LONG BEACH<br>                    Plaintiff,<br><br>vs.<br><br>BRADLEY MUGAR and SANDRA MUGAR<br><br>                    Defendants. | Chapter 7<br><br>Bankruptcy Case No. 8:17-BK-11114-SC<br><br>Adversary Case No.<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND/OR TO DENY A DISCHARGE**<br><br>11 U.S.C. §§ 523(a)(2)(A) & 727(a)(4) |

Plaintiff states as follows:

///

///

---

-1-

Complaint to Determine Dischargeability of Debt

## I. PARTIES AND JURISDICTION

1. This is an adversary proceeding in bankruptcy brought by Plaintiff FARMERS & MERCHANTS BANK OF LONG BEACH (F&M) pursuant to 11 U.S.C. §523.

2. F&M is a California corporation licensed to do business in the State of California and entitled to bring this action.

3. The Debtors filed their Chapter 7 Bankruptcy Petition on March 23, 2017.

4. Jurisdiction is vested in this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. §1334, and 11 U.S.C. §523; this matter is a core proceeding.

5. F&M is a creditor in this bankruptcy proceeding.

## II. FIRST CAUSE OF ACTION

6. F&M re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 5, above.

7. F&M has attempted to resolve this matter prior to the filing of this Complaint by contacting counsel for the Chapter 7 Trustee.

8. In or about July 2006, Defendant Bradley Mugar entered into a written agreement with the Plaintiff whereby the Plaintiff agreed to provide the Defendant with " merchant card services" subject to the terms and conditions of the written agreement which specifically provided the terms and conditions upon which the Defendant could accept credit card charges for his customers and for his repayment to the Plaintiff for any chargebacks or fraudulent activities.

9. In or about December 2013, Defendant Bradley Mugar undertook a plan and scheme to obtain monies from Plaintiff by providing Plaintiff with credit card sales without the sale and/or delivery of goods to the credit card holders.

10. As a result of Defendant's failure to provide the sale and/or delivery of goods to the credit card holders, the credit card processing companies failed to pay the Plaintiff and/or charged back the Plaintif, the monies that the Defendant had received from Plaintiff.

///

11. The Defendant had agreed to repay the Plaintiff for its substantial losses. As of January 2014, the Defendant owed the Plaintiff $110,000.00. The Defendant repaid the Plaintiff $61,700.00, leaving a balance due of $48,300.00.

12. At the time the Defendant provided the credit card charges he was cognizant that the sales were not valid sales for which he would be paid, and was aware that Plaintiff would suffer losses for non-payment by the credit card holders.

13. By reason of the foregoing, the Defendant obtained money from F&M through false pretenses, false representations and actual fraud.

14. The Defendant therefore had a specific intent to defraud F&M by obtaining money from F&M without a valid sale and/or the delivery of goods.

15. The Defendant's actions constitute material misrepresentations of the facts (that the sale was a valid sale with the delivery of goods to the credit card holder), and is an act of actual fraud (receiving money without any consideration).

16. The Defendant intended for F&M to rely on those misrepresentations.

17. F&M did rely upon the Defendant's misrepresentations by crediting the Defendant with the credit card sale although the Defendant failed to properly validate the sale and/or the Defendant failed to deliver the goods to the credit cards holder.

18. F&M reasonably relied on the Defendant's misrepresentations based upon the prior business relationship between the parties.

19. As a result of the Defendants's conduct, F&M has suffered damages in the amount of $48,300.00.

20. Pursuant to 11 U.S.C. § 523(a)(2)(A), the Defendant should not be granted a discharge of this debt to F&M in the amount of $48,300.00.

## III. SECOND CAUSE OF ACTION

21. F&M re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 20, above.

22. For the Defendants to obtain a discharge they are required to disclose their true and correct income and assets under oath (and under penalty of perjury) in their Schedules, Statement of Financial Affairs and at their Section 341(a) meeting of creditors.

23. Of most importance under current law is the true and accurate disclosure of income for the completion of the means test to determine eligibility under Chapter 7.

24. The Defendants advertise that they have over 100 items of inventory available for sale. Plaintiff is aware from prior litigation with the Defendants that the Defendants conduct substantial business with their children and substantial cash sales of expensive items, such as Rolex watches and other high end watches. These goods are bought and sold for cash, and that with the substantial years of expertise by the Defendants, they have in their possession a substantial inventory of watches and other valuables and substantial sales, none of which have been disclosed in their Schedules, Statement of Financial Affairs and to the Chapter 7 Trustee at the Section 341(a) meeting of creditors.

25. Their Schedules do not list their cash sales, inventory, equipment, receivables, executory contracts, accounting records, proper valuation or any other business ownership information.

26. The statements and disclosures are false.

27. The Defendants knew the statements are false.

28. The statements were made with fraudulent intent.

29. The statements relate materially to their bankruptcy case.

30. Pursuant to 11 U.S.C. §727(a)(4)(A), Defendants should be denied a discharge of their debts.

## V. PRAYER FOR RELIEF

WHEREFORE, F&M prays that this Court grant the following relief:

1. A monetary judgment against the Debtors in the amount of $48,300.00, plus accrued interest at the contractual rate from and after a date to be proven until the date of judgment herein;

2. An order determining that such debt is non-dischargeable under 11 U.S.C. § 523(a)(2)(A);

///

///

-4-

Complaint to Determine Dischargeability of Debt

3. Or, alternatively, as order determining that the Defendants are denied a discharge under 11 U.S.C § 727(a)(4)(A);

4. An order awarding F&M its attorneys' fees and costs incurred herein; and

5. An order awarding F&M such additional relief as this Court deems just and equitable.

APPEL & APPEL

DATED: June 26, 2017     By: _____
Ronald Appel, Esq.
Attorneys for Plaintiff
Farmers & Merchants Bank of Long Beach

-5-
Complaint to Determine Dischargeability of Debt

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Ronald Appel, Esq.  SBN 132023<br>Appel & Appel<br>2522 Chambers Road<br>Tustin, CA 92780<br>714-573-4090<br>attorneyrappel@gmail.com<br><br><br>*Attorney for Plaintiff* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br>Bradley Mugar and<br>Sandra Mugar<br><br>Debtor(s). | CASE NO.: 8:17-BK-11114-SC<br>CHAPTER: 7<br>ADVERSARY NO.: |
|---|---|
| Farmers & Merchants Bank of Long Beach<br><br>                                 Plaintiff(s)<br>                Versus<br>Bradley Mugar and<br>Sandra Mugar<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _____<br>**Time:** _____<br>**Courtroom:** _____ | Address:<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☒ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                                                 Page 1                                                 F 7004-1.SUMMONS.ADV.PROC

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 2                            F 7004-1.SUMMONS.ADV.PROC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:


A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On *(date)* _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
|------|--------------|-----------|
|      |              |           |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                      Page 3                              F 7004-1.SUMMONS.ADV.PROC

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Farmers & Merchants Bank of Long Beach | **DEFENDANTS**<br>Bradley Mugar and Sandra Mugar |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Ronald Appel, Esq. 132023, Appel & Appel<br>2522 Chambers Road, Tustin, CA 92780, 714-573-4090 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
11 USC 523 & 727, deny discharge of debt and/ or deny discharge.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)   *3*

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud   *1*
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 48,300.00 |
| Other Relief Sought | |


B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Bradley Mugar and Sandra Mugar | BANKRUPTCY CASE NO.<br>8:15-bk-11114-SC |||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISION OFFICE<br>Santa Ana || NAME OF JUDGE<br>S. Clarkson |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>6/26/17 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Ronald Appel, Esq. ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.